## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NAVAJO NATION,<br>A federally recognized Indian Tribe<br>Navajo Nation Department of Justice<br>Old BIA Club Building<br>Window Rock, Arizona 86515<br><br>     Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C.  20240<br><br>     and<br><br>DAVID BERNHARDT,<br>  in his official capacity as Secretary,<br>United States Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C.  20240,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## AND MONEY DAMAGES

1.      Plaintiff Navajo Nation ("Nation") seeks relief for Defendants' violations of the Indian Self-Determination and Education Assistance Act, as amended, 25 U.S.C. § 5301 *et seq.* ("ISDEAA"), and regulations promulgated thereunder, and for Defendants' breach of a self-determination contract made under the ISDEAA.  Under the ISDEAA and governing regulations, Defendants may not decline an Indian tribe's renewal proposal for a self-determination contract, or contract funding, if it is substantially the same as the prior contract.  The Nation submitted a

proposed Annual Funding Agreement ("AFA") to the Department of the Interior ("Department") for their contract covering operations of the Navajo Nation Judicial Branch that proposed funding in the amount of $17,055,477 for calendar year ("CY") 2021.  This was the same amount that the Nation sought for CY 2020, CY 2019, CY 2018, CY 2017, and CY 2016, and was essentially the same amount that the Nation had previously sought for CY 2015 and CY 2014 ($17,055,517)[1] and which was approved by operation of law for CY 2014.  Nonetheless, Defendants partially declined the Nation's proposed AFA for all funding in excess of $1,460,349 for CY 2021.  In addition, Defendants purported to remove certain language from the proposed AFA for CY 2021 which had been included in previous AFAs.  Because Defendants' actions violate the ISDEAA and applicable regulations, the Nation is entitled to declaratory and injunctive relief and damages.

## PARTIES

2.      The Nation is a federally recognized Indian Tribe whose reservation is located in the states of Arizona, New Mexico and Utah.  The seat of the Nation's government is located in Window Rock, Arizona.

3.      The Department is an executive department within the United States government. The Bureau of Indian Affairs ("BIA") is a bureau within the Department. The Department's headquarters is located in  Washington, D.C.

4.      The Secretary has overall responsibility for administering the Department and overseeing its constituent bureaus and programs, including the BIA, and contracting with Indian tribes under the ISDEAA. The Secretary's office is located in Washington, D.C.

## JURISDICTION AND VENUE

---

[1] Because of a typographical error, the proposal for CY 2016 was $40 less than the proposed AFAs for CY 2014 and CY 2015.

5.     This is a civil action arising under the ISDEAA, 25 U.S.C. § 5331(a), and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.     Venue in the District of Columbia is proper under 28 U.S.C. § 1391(b) and (e).

## FACTS

7.     Contract No. A12AV00698 (the "Contract") was signed by the Nation and the Department (the "Parties") in 2012 for a five-year term from January 1, 2012 through December 31, 2016.

8.     The Parties renewed the Contract by entering into Contract No. A17AV00252 (the "Renewed Contract") for a five-year term from January 1, 2017 through December 31, 2021.

9.     Funding for self-determination contracts, such as the Contract and the Renewed Contract, is implemented through AFAs.

### The CY 2014 AFA

10.     In its proposed AFA for CY 2014, the Nation proposed a substantial increase in funding to administer and perform certain portions of the Judicial – Tribal Courts program, seeking a total of $17,055,517.

11.     This proposed AFA was hand-delivered to the BIA on October 4, 2013.

12.     Under the ISDEAA, the Secretary has 90 days after receipt of a contract proposal within which to decline or award it. 25 U.S.C. § 5321(a)(2); 25 C.F.R. §§ 900.16-.18.

13.     A BIA letter to the Nation, dated October 21, 2013, acknowledged the BIA's receipt of the CY 2014 proposal but asserted that, because the government had been partially shut down from October 1, 2013, through October 16, 2013, the BIA had until "90 days after October

17, 2013 to approve, decline, or award the proposal," and that this "90-day period will end on January 15, 2014."

14.     The Nation did not agree to any extension of the 90-day period. Given the date of actual receipt of the proposal by the BIA, the Secretary's deadline to decline or award the Nation's proposed 2014 AFA expired January 2, 2014.

15.     The Secretary did not decline the Nation's proposed 2014 AFA by the statutory deadline of January 2, 2014.

16.     Accordingly, the Nation's proposed 2014 AFA was deemed approved by operation of law. 25 C.F.R. § 900.18; 25 U.S.C. § 5321(a)(2).

17.     On January 15, 2014, the BIA issued an untimely letter to the Nation purporting to partially decline the Nation's 2014 AFA to the extent that it exceeded approximately $1.3 million, which was about the same amount funded in 2013.

18.     On November 12, 2014, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the CY 2014 Agreement, *Navajo Nation v. Department of the Interior, et al.*, No. 1:14-cv-01909 (the "CY 2014 Action").

19.     On March 30, 2016, the Court issued a Memorandum Opinion and Order denying the Nation's motion for summary judgment and granting defendants' cross-motion for summary judgment.

20.     On April 4, 2017, the U.S. Court of Appeals for the District of Columbia Circuit reversed this Court's decision. *Navajo Nation v. United States Dep't of Interior*, 852 F.3d 1124 (D.C. Cir. 2017).

21.     On June 12, 2020, this Court issued an order granting the Nation's motion for summary judgment and ordering that the Nation's proposed 2014 AFA is deemed approved as of

January 3, 2014.  On August 25, 2020, this Court entered a final judgment.  Defendants did not appeal this judgment.

### The  CY 2015 AFA

22.     On January 5, 2016, the  Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding  of the Contract for CY 2015, *Navajo Nation v. Department of the Interior, et al.*, No. 1:16-cv-00011 (the "CY 2015 Action").

### The  CY 2016 AFA

23.     On March 21, 2017, the  Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding of the Contract for CY 2016, *Navajo Nation v. Department of the Interior, et al.*, No. 1:17-cv-00513 (the "CY 2016 Action").

### The CY 2017 AFA

24.     On May 10, 2017, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding of the Renewed Contract for CY 2017, *Navajo Nation v. Department of the Interior, et al.*, No. 1:17-cv-00863 (the "CY 2017 Action").

### The CY 2018 AFA

25.     On April 5, 2018, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding of the Renewed Contract for CY 2018, *Navajo Nation v. Department of the Interior, et al.*, No. 1:18-cv-00774 (the "CY 2018 Action").

### The CY 2019 AFA

26.     On December 3, 2019, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding of the Renewed Contract for

CY 2019, *Navajo Nation v. Department of the Interior, et al.*, No. 1:19-cv-03612 (the "CY 2019 Action").

## The CY 2020 AFA

27.     On May 15, 2020, the Nation filed an action in this Court seeking declaratory and injunctive relief and money damages with respect to the funding of the Renewed Contract for CY 2020, *Navajo Nation v. Department of the Interior, et al.*, No. 1:20-cv-01297 (the "CY 2020 Action").

28.     The CY 2015 Action, the CY 2016 Action, and the CY 2017 Action were consolidated by an order entered on June 10, 2017.

29.     The CY 2018 Action was consolidated with these actions by an order entered on August 20, 2018.

30.     The CY 2019 Action was consolidated with these actions by an order entered on April 17, 2020.

31.     The CY 2020 Action was consolidated with these actions by an order entered on July 1, 2020.

## The Proposed CY 2021 AFA

32.     On October 14, 2020, the Nation submitted its proposed CY 2021 AFA for the Renewed Contract to the BIA, with a proposed budget of $17,055,477.

33.     By a letter of December 11, 2020, the BIA partially declined the Nation's proposed AFA for CY 2019 for all funding above $1,460,349. *See* Exhibit A.

34.     This letter also purported to remove certain language in two paragraphs of the proposed AFA – one in Section B and the other in Section D – on the ground that this language

violates the Anti-Deficiency Act.  The letter added that the Department would not agree to this language even if it complied with the Anti-Deficiency Act.

35.     This same language, or substantially the same language, was included in the approved AFAs for CY 2017 and CY 2018.  Defendants purported to decline this language in the AFAs for CY 2019 and CY 2020, but the Nation has contested these declinations as part of the CY 2019 Action and the CY 2020 Action.

### The Nation's Entitlement to Relief

36.     Pursuant to Section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b), the amount of funding provided to an Indian tribe under a self-determination contract shall not be reduced by the Secretary in subsequent years except pursuant to— (A) a reduction in appropriations from the previous fiscal year for the program or function to be contracted; (B) a directive in the statement of the managers accompanying a conference report on an appropriation bill or continuing resolution; (C) a tribal authorization; (D) a change in the amount of pass-through funds needed under a contract; or (E) completion of a contracted project, activity, or program.

37.     Pursuant to Section 102(a)(2) of the ISDEAA, 25 U.S.C. § 5321(a)(2), and the ISDEAA regulations,  25 C.F.R. §§ 900.32 and 900.33,  the Secretary may not decline an Indian tribe's proposed successor AFA or a proposal to renew a contract, or portions thereof, if it is substantially the same as the prior AFA or contract (except as provided in section 106(b) of the ISDEAA, 25 U.S.C. § 5325(b)).

38.     The BIA could not decline the Nation's proposed AFAs for CY 2015, CY 2016, CY 2017, CY 2018, CY 2019, CY 2020, and CY 2021 insofar as they sought the same amount approved by operation of law for CY 2014, except to the extent of "across the board" funding reductions caused by reductions in appropriations.

39.     Defendants' partial declination of the Nation's proposed funding of $17,055,477 for CY 2021 violated their obligations under the ISDEAA and its implementing regulations and constitutes a material breach of the Renewed Contract.

40.     The BIA could not decline the language in Sections B and D of the proposed AFA for CY 2019 and CY 2020 – or remove this language from the proposed AFA for CY 2021 -- because the same language, or substantially the same language, was included in the approved AFAs for CY 2017 and CY 2018, and because this language does not violate the Anti-Deficiency Act.

41.     Defendants' removal of this language from Sections B and D of the proposed AFA for CY 2021 violated their obligations under the ISDEAA and its implementing regulations.

### FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

42.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-41 above, as if fully set forth herein.

43.     The Nation is entitled to a judgment declaring that the Nation's proposed AFA for CY 2021 may not be declined to the extent that it seeks the amount approved for CY 2014 for substantially the same purpose and that the Nation is entitled to receive the $17,055,477 that it proposed for CY 2021, reduced only for across the board funding reductions.

### SECOND CLAIM FOR RELIEF—INJUNCTION

44.     The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-43 above, as if fully set forth herein.

45.     Under 25 U.S.C. § 5331(a), this Court may order appropriate relief including money damages, injunctive relief against any action by an officer of the United States or any agency thereof contrary to the ISDEAA, or mandamus to compel a federal officer or employee to

perform a duty imposed by the ISDEAA, "including immediate injunctive relief to reverse a declination finding under [25 U.S.C. §] 5321(a)(2) . . . or to compel the Secretary to award and fund an approved self-determination contract."

46. The Nation is entitled to injunctive relief compelling the Secretary to fund the Renewed Contract in the amount of $17,055,477 for CY 2021, reduced only for across the board funding reductions.

## THIRD CLAIM FOR RELIEF—BREACH OF CONTRACT

47. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-46, above, as if fully set forth herein.

48. By partially declining the Nation's proposed AFA in the amount of $17,055,477 and proposing to pay only $1,460,349 for CY 2021,  the Defendants breached the Renewed Contract.

49. The Nation is entitled to  an award of damages plus interest, plus reasonable fees and expenses, including attorneys' fees,  pursuant to 25 U.S.C. § 5331(a).

## FOURTH CLAIM FOR RELIEF—DECLARATORY JUDGMENT

50. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-49, above, as if fully set forth herein.

51. The Nation is entitled to a judgment declaring that the removed language in Sections B and D of the Nation's proposed AFA for CY 2021 is lawful and must be approved.

## FIFTH CLAIM FOR RELIEF - INJUNCTION

52. The Nation re-alleges and incorporates by reference the allegations of paragraphs 1-51, above, as if fully set forth herein.

53.     The Nation is entitled to injunctive relief compelling the Secretary to restore the removed language in Sections B and D of the Nation's proposed AFA for CY 2021.

## PRAYER FOR RELIEF

**WHEREFORE**, the Nation respectfully requests that the Court enter judgment in favor of the Nation and against Defendants:

A.      Declaring that the Nation's proposed AFA for CY 2021 may not be declined to the extent that it seeks the funding approved by operation of law for CY 2014 and that the Nation is entitled to receive the $17,055,477 that it proposed for CY 2021, reduced only for across the board funding reductions;

B.      Compelling the Secretary to fund the Renewed Contract in the amount of $17,055,477 for CY 2021, reduced only for across the board funding reductions;

C.      Awarding damages to the Nation in the approximate amount of $15,595,128 plus interest, expenses, and fees, including reasonable attorneys' fees;

D.      Declaring that the removed language in Sections B and D of the Nation's proposed AFA for CY 2021 is lawful and must be approved;

E.      Compelling the Secretary to restore the removed language in Sections B and D of the Nation's proposed AFA for CY 2021; and

F.      Granting the Nation such other relief as the Court deems just and proper.

Dated this 5th day of January, 2021.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:   /s/ Steven D. Gordon
Philip Baker-Shenk (D.C. Bar No. 386662)
Steven D. Gordon (D.C. Bar No. 219287)
Jessica L. Farmer (D.C. Bar No. 1023024)
800 17th Street, N.W., Suite 1100
Washington, D.C.  20006
Tel: (202) 955-3000
Fax: (202) 955-5564

*Attorneys for Plaintiff the Navajo Nation*